NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIK FLOWERS, | |
| Plaintiff, | Civ. No. 18-13686 (PGS-DEA) |
| v. | |
| M. FRANCOISE, et al., | MEMORANDUM |
| Defendants. | |

**PETER G. SHERIDAN, U.S.D.J.**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Malik Flowers' complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the following reasons, Plaintiff's complaint shall proceed against Defendants Francoise, Desane, Spingler, Jackson, and Zhou, and Plaintiff's claim against Dr. Nwachukwu shall be dismissed without prejudice.

**I.**

In this action, Plaintiff, a prisoner in New Jersey State Prison, filed a complaint against Defendants, who are nurses, a nurse practitioner, and a doctor employed in the prison's medical department. (ECF No. 1). According to Plaintiff's complaint, in November 2016, he was diagnosed with diabetes, and was prescribed medications including insulin to control his blood sugar and related issues. (*Id.* at 5). In January 2017, Plaintiff was 'taken off of insulin and prescribed 10 mg of glipizide" to control his diabetic symptoms, which he continued to receive daily until September 2017. (*Id.*).

On or about September 12, 2017, Plaintiff stopped receiving his daily medication. (*Id.*). Plaintiff complained to numerous nurses and nurse practitioners over the course of several months, but was variably told that they would either look into his medication with no results for several months, or that he had not been prescribed the medication he had previously received for nine months. (*Id.* at 6). Despite these complaints to Defendants Zhou, Desane, Francoise, Spingler, and Jackson, Plaintiff did not receive his medication. (*Id.*). According to the complaint, Plaintiff did not resume receiving medication until February 2018, when he was seen by Defendant Dr. Nwachukwu. (*Id.* at 7). During that examination, it was discovered that Petitioner's insulin issues had again become serious due to the lack of his glipizide, and Plaintiff was placed back on insulin to bring his diabetes under control. (*Id.*). Plaintiff therefore asserts Defendants' refusal to resume his medication prior to his February 2018 appointment with Dr. Nwachukwu despite his continuous complaints amounts to a denial of medical care in violation of the Eighth Amendment.

## II.

Because Plaintiff has been granted *in forma pauperis* status, and because Plaintiff is a state prisoner, this Court is required to screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) [or § 1915A] is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## III.

In his complaint Plaintiff asserts claims for denial of medical care pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Plaintiff's complaint alleges claims against all Defendants for deliberate indifference to his medical needs in violation of the Eighth Amendment. Having reviewed these claims, this Court finds no basis for the dismissal of Plaintiff's claims as to Defendants Francoise, Desane, Spingler, Jackson, and Zhou, and shall therefore permit his complaint to proceed against those Defendants at this time.

Plaintiff's claim against Dr. Nwachukwu, however, fails to state a viable claim for relief under § 1983. Generally, a Plaintiff can make out an Eighth Amendment claim based on deficient medical care in a prison setting by pleading facts which, if proven, would show that the prison official or medical provider was deliberately indifferent to his serious medical needs. *King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243-44 (1983)); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires both that the Plaintiff plead a sufficiently serious medical need, *King*, 302 F App'x

at 97, and acts or omissions which indicate that the defendant was deliberately indifferent to that need insomuch as the defendant acted with a reckless disregard for a substantial risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994); *Everett v. Nort*, 547 F. App'x 117, 121 (3d Cir. 2013). While there is no question that Plaintiff's diabetes is a serious medical need, in his complaint he alleges that, upon discovering the state of Plaintiff's diabetes upon first examining him after the cessation of his medication, Dr. Nwachukwu immediately prescribed insulin and sought to bring Plaintiff's issues under control. Plaintiff has thus failed to plead facts which would indicate that the doctor acted with deliberate indifference to his medical care by his own direct actions as, unlike the nurses, Plaintiff does not plead that the doctor ignored his issues or failed to act upon them, but instead sought to correct the issue upon first meeting with Plaintiff after the issues arose.

Instead of a direct claim, it appears that Plaintiff seeks to bring a claim against Defendant Nwachukwu based on his being a medical supervisor in the prison's medical department. Under § 1983, a claim for supervisory liability may not be premised solely on a *respondeat superior* theory of liability. *See Iqbal*, 556 U.S. at 676; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). A "defendant in a civil rights action must [instead] have personal involvement in the alleged wrongs" and a plaintiff must therefore plead a supervisory defendant's involvement in the alleged violation through means other than vicarious liability. *Rode*, 845 F.2d at 1207-08. Generally, this requires the plaintiff to show each supervisor's participation by pleading either that the supervisor's "establishment of policies, practices or customs . . . directly caused the constitutional violation[,] personal liability based on the supervisor participating in the violation of [the p]laintiff's right, [that the supervisor] direct[ed] others to violate [the p]laintiff's rights, or [that the supervisor had actual] knowledge of and

acquiesc[ed] to a subordinate's conduct." *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015) (quoting *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015)); *see also Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015).

Plaintiff has identified no policies or practices put into place by the doctor which led to the cessation of his medication, nor any facts which would suggest that he acquiesced to the actions of the prison nursing staff. Instead, Plaintiff attempts to connect the doctor to the misdeeds of others vicariously based upon his supervisory authority over the nursing staff. Such a claim presents no more than a *respondeat superior* theory of liability, and fails to state a claim for relief under § 1983. As Plaintiff has failed to plead facts sufficient to make out either a direct or supervisory theory of liability against Dr. Nwachukwu, his complaint fails to state a claim for relief against the doctor, and Plaintiff's claims against Defendant Nwachukwu are therefore dismissed without prejudice.

V.

For the reasons stated above, Plaintiff's complaint shall proceed against Defendants Francoise, Desane, Spingler, Jackson, and Zhou at this time; and Plaintiff's claims against Defendant Nwachukwu are dismissed without prejudice. An appropriate order follows.

DATED: May 1, 2019

PETER G. SHERIDAN
United States District Judge