UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MALIK FLOWERS,

        Plaintiff,

v.

M. FRANCOISE., et al.,

        Defendants.

Civ. No. 18-13686 (PGS) (DEA)

**MEMORANDUM & ORDER**

    Plaintiff is a state prisoner proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff sues numerous Defendants for their purported deliberate indifference to his serious medical needs when he went without medication for several months in late 2017 and early 2018. Presently pending before this Court is Defendants' motion for summary judgment.[1] *See* ECF 53. For the following reasons, Defendants' motion for summary judgment is denied without prejudice.

    Defendants' statement of undisputed material facts ("SUMF") relies on several parts of the record attached as exhibits. However, several important parts of Defendants' SUMF either quote records not attached to their motion and/or mischaracterize portions of the record they do include. For example, Defendants' SUMF ¶ 13 states "[o]n November 29, 2016, Glipizide was prescribed, in which Plaintiff was to take one daily for three-hundred sixty-five (365) days. *See* ECF 53-5 at 3 ¶ 13. Defendants then cite to Exhibit B of their motion at pages "D00636 to D00637." *See id.* However, a review of Defendants exhibits finds these pages missing. This would not necessarily be fatal given that Plaintiff attaches these two pages to his cross motion,

---

[1] Plaintiff has filed a cross-motion for summary judgment, *see* ECF 56, that remains pending and will be decided in due course.

*see* ECF 56-4 at 32-33, except that these two pages do not discuss Plaintiff's prescription for Glipizide.

Defendants' SUMF also mischaracterizes the record or fails to include proper portions of the record in other important areas. For example, Defendants state on January 12, 2017, Plaintiff was seen for a sick call. Defendants assert at this sick call:

> The doctor advised Plaintiff that his medications, Tegretol, Lisinopril and Metformin, would be discontinued. The doctor further advised Plaintiff's diabetic medications would be adjusted, in which his Glipizide prescription was adjusted to once daily for one hundred eighty (180) days. The medication changes were reviewed with plaintiff and he provided his "verbal understanding."

ECF 53-5 at 3 ¶ 15. Defendants rely on D00500-D00502 in the record to support this fact. However, these pages of the record do not state anything whatsoever regarding the above quoted language.

Finally, Defendants' SUMF states in part as follows:

> On March 5, 2018, Plaintiff presented for a chronic care visit. Plaintiff's chronic illness was noted to be in "poor control." Plaintiff advised that he had not taken his Glipizide for three (3) months from October through January, but that he was now taking the medication. The nurse practitioner counseled Plaintiff about medication compliance. Plaintiff refused other diabetic medications, including Metformin and Insulin, except for Glipizide. The nurse practitioner increased his Glipizide to 10 mg and advised a follow up appointment will occur in one month.

ECF 53-5 at 5-6 ¶ 28. Defendants rely on D00264-D00271 to support these facts. Not only do the pages of the record Defendants cite not include this information, but they do not include anything regarding a March 5, 2018 visit.

The purported "facts" relied upon by Defendants in their SUMF may become important in analyzing whether summary judgment is warranted. Given the clear deficiencies in the record

2

provided by Defendants, their motion for summary judgment will be denied without prejudice. Defendants shall have a short period of time in which to file a new all-inclusive motion for summary judgment, <u>that includes all the proper relevant exhibits as well as correct and accurate citations to the record</u>, to support their SUMF.

Accordingly, IT IS on this 23 day of September, 2021,

ORDERED that Defendants' motion for summary judgment (ECF 53) is denied without prejudice; and it is further

ORDERED that Defendants may file a new all-inclusive motion for summary judgment (including all proper corresponding exhibits relied upon from the record and correct citations thereto) within seven (7) days of the date of this order should they elect to do so; and it is further

ORDERED that Plaintiff shall have twenty-one (21) days after Defendants file their new motion for summary judgment to file a response to Defendants' new motion for summary judgment should Defendants elect to file one; and it is further

ORDERED that Defendants may file a reply brief within seven (7) days after Plaintiff files his response; and it is further

ORDERED that the Clerk shall serve this memorandum and order on Plaintiff by regular U.S. mail.

DATED: September 23, 2021

PETER G. SHERIDAN
United States District Judge